IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>NATHAN CONNER,<br><br>        Defendant. | Case No. 3:20-cr-00002-JMK<br><br>**ORDER DENYING MOTION TO RECONSIDER** |

Before the Court at Docket 86 is the Government's "Motion to Reconsider Portions of Order at Docket 81" (the "Motion"). With leave of the Court, Mr. Conner filed a Response in opposition at Docket 94.

On January 18, 2022, this Court issued an Order granting Mr. Conner's "Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment" (the "Motion to Suppress"), finding that the Government failed to establish reasonable suspicion for conducting a traffic stop of Mr. Conner, in violation of his Fourth Amendment rights.[1] The Court further determined that Mr. Conner's constitutional right to due process was violated by the Alaska State Troopers' willful disobedience of numerous court orders requiring production of records relevant to Mr. Conner's defense,

---

[1] Docket 81 at 10.

and, as a result, exercised its supervisory powers to exclude the testimony and statements of Trooper Woodruff.[2]

The Government seeks reconsideration of the Court's Order granting Mr. Conner's Motion to Suppress on three grounds. First, the Government alleges that the Court failed to address its argument that Officer Miller had reasonable suspicion to stop Mr. Conner after observing Mr. Conner driving a vehicle while his license was suspended.[3] After the evidentiary hearing, the Court determined that Officer Miller's testimony was not reliable due to the disparity between his statements and dash and body cam footage.[4] It therefore gave little weight to his statements. Further, the Government failed to establish that Officer Miller relied on a particularized suspicion that Mr. Conner was illegally driving with a suspended license at the time of the stop. "Founded or reasonable suspicion is required *at the time* an investigatory stop is initiated in order to justify the stop."[5] It is unclear from the record whether Officer Miller knew the status of Mr. Conner's driver license prior to conducting the stop and running a records check,[6] and the fact that Mr. Conner was arrested—several years prior—for a DUI does not create a particularized

---

[2] *Id.* at 22.
[3] Docket 86 at 2.
[4] Docket 81 at 10.
[5] United States v. Benitez-Urquidez, No. 89-10345, 1991 WL 83925, *1 (9th Cir. 1991).
[6] Docket 101 at 113–14. Although at some points during the evidentiary hearing Officer Miller testified that he recognized Mr. Conner as the driver of the vehicle prior to conducting the stop, Officer Miller's incident report paints a different picture. Officer Miller's incident report states that he initiated the stop solely based on Mr. Conner's failure to signal two turns while driving on the highway. *See* Docket 38-1 at 2. Officer Miller further stated that it was not until the vehicle was fully stopped and he had his pistol drawn did he recognize the driver to be Mr. Conner, who at that point stated he did not have a valid license. *Id.*

basis for suspecting criminal activity.[7] This Court reiterates that the Government has failed to carry its burden of proving specific and articulable facts to support a reasonable suspicion that Mr. Conner was engaged in criminal activity at the time of the stop.

Second, the Government objects to the Court's characterization of its position as conceding that the Alaska State Troopers engaged in some misconduct regarding failed production of K-9 Donna's training and certification records.[8] Pursuant to the District of Alaska Local Criminal Rules, "[a] court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law."[9] The Court finds that this is not an unreasonable summation of the Government's position, given its own characterization of the Alaska State Trooper's response to the Court's numerous orders to produce the required records as "vexatious" and "insufficient," and suggestion that various forms of sanctions be levied.[10] Clearly, the Government agreed that the Alaska State Troopers took actionable missteps. It has failed to make the requisite showings necessary for reconsideration.

Lastly, the Government alleges that the Court improperly relied on the declaration of Mr. Conner without allowing the Government to cross examine Mr. Conner.[11] The Court cites to this document once in its written Order for the proposition

---

[7] Docket 101 at 8; see *United States v. Benitez-Urquidez*, No. 89-10345, 1991 WL 83925, *1 (9th Cir. 1991).
[8] Docket 86 at 2.
[9] D. Alaska Loc. Crim. R. 47.1(g)(1).
[10] Docket 78 at 2–4.
[11] Docket 86 at 2–3.

that "Mr. Conner alleges in his declaration that he signaled both turns and pulled over as soon as was practicable, and therefore violated no traffic laws warranting an investigatory stop."[12] The Court, however, did not make any factual determinations regarding this statement; nor does it need to. It is the Government's burden to establish that the investigatory stop was supported by reasonable suspicion.[13] Rather than weighing the credibility of Mr. Conner's statement and accepting it as fact, the Court merely cited to this declaration to summarize the relevant positions of the parties. The Court could have cited to Mr. Conners' Motion to Suppress to achieve the same effect.[14] Mr. Conner's declaration is not relevant in any way to the Court's findings. The Court therefore declines to reconsider its Order at Docket 81.

## CONCLUSION

In light of the foregoing, the Motion at Docket 86 is **DENIED**.

IT IS SO ORDERED this 26th day of April, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[12] Docket 81 at 9.
[13] See *United States v. Job*, 871 F.3d 852, 861–62 (9th Cir. 2017).
[14] See Docket 38 at 2.

*United States v. Conner*  Case No. 3:20-cr-00002-JMK
Order Denying Motion to Reconsider  Page 4
Case 3:20-cr-00002-JMK-MMS   Document 102   Filed 04/26/22   Page 4 of 4